PER CURIAM.
The appellant, Eugene Ruben Robinson, challenges the judgment and sentence entered after he was found guilty of possession of cocaine. We reverse.
Although the appellant filed a timely written demand for discovery, the state failed to comply. On the day of trial, the appellant’s counsel filed a motion to compel discovery and/or impose sanctions. The trial court denied the motion without an adequate inquiry as to whether the discovery violation was inadvertent or willful, whether it was trivial or substantial, and whether it had a prejudicial effect on the appellant’s ability to prepare for trial as required by Richardson v. State, 246 So.2d 771 (Fla.1971). The trial court’s failure to hold a Richardson hearing was per se reversible error. See Smith v. State, 500 So.2d 125 (Fla.1986); Talavera v. State, 528 So.2d 1258 (Fla.2d DCA 1988).
We, accordingly, reverse the appellant’s conviction and sentence and remand for a new trial.
REVERSED AND REMANDED.
CAMPBELL, C.J., and RYDER and SCHOONOVER, JJ., concur.